IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ANTONIO L. BARNES, #73449                               PLAINTIFF

VERSUS                          CIVIL ACTION NO. 3:09cv140-TSL-JCS

MICHAEL TAYLOR, Circuit Court Judge;
ROGER A. GRAVES, Circuit Court Clerk;
and GINA MITCHELL, Deputy Circuit Clerk              DEFENDANTS

ORDER

Upon consideration of the complaint submitted according to 42 U.S.C. § 1983 in the above entitled action the court makes the following findings and conclusions. The plaintiff was housed in the Wilkinson County Correctional Facility, Woodville, Mississippi, at the time he filed the instant civil action. The named defendants are Honorable Michael Taylor, Circuit Court Judge; Roger A. Graves, Clerk of Circuit Court; and Gina Mitchell, Deputy Clerk of Circuit Court.

It is clear that a complaint filed pursuant to § 1983 is not cognizable absent the defendants' depriving the plaintiff of some right secured to the plaintiff by the Constitution or the laws of the United States. See Baker v. McCollan, 443 U.S. 137, 140 (1979) (first inquiry in any section 1983 suit is whether the defendant has deprived the plaintiff of a right secured by the Constitution). According to the allegations of the instant § 1983 civil action, this court finds that on the face of the complaint the plaintiff has asserted an arguable claim against

defendants Graves and Mitchell. However, as discussed below, defendant Judge Taylor is judicially immune and therefore, the instant § 1983 civil action cannot be maintained against this defendant.

The allegations of this complaint against defendant Judge Taylor demonstrate that he was acting within his judicial discretion as he presided over the plaintiff's civil matter in the Circuit Court of Pike County, Mississippi, which is the basis of the instant civil action. It is clearly established law that a judge is absolutely immune from damages under these circumstances. See Stump v. Sparkman, 435 U.S. 349 (1978). "Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." Adams v. McIlhany, 764 F.2d 294, 297 (5th Cir. 1985) (citing Stump v. Sparkman, 435 U.S. 349 (1978)), cert. denied, 474 U.S. 1101 (1986).

The alleged errors or the mendacity of the judge's acts are irrelevant. Young v. Biggers, 938 F.2d 565, 569 n. 5 (5th Cir.1991). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11 (1991); see also Forrester v. White, 484 U.S. 219, 220-21 (1988). The United States Court of Appeals for the Fifth Circuit in Ballard v. Wall,

413 F.3d 510 (5th Cir. 2005), has developed a four-factor test to use in determining whether a judge acted within the scope of his judicial capacity. The four factors are "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." Id. at 515.

Applying the four factors set forth in Ballard to the instant case, this court finds that it is clear that defendant Judge Taylor is entitled to judicial immunity. See Ballard v. Wall, 413 F.3d 510, 515 (5th Cir. 2005). According to the allegations of the complaint, the actions of defendant Judge Taylor were clearly a part of a normal judicial function which arose out of his official capacity as a judge. Finally, there is no indication that defendant Judge Taylor's actions occurred outside the courtroom, his chambers/office or other appropriate space. Consequently, this court finds that plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against defendant Judge Taylor since he is judicially immune. Accordingly, it is

**ORDERED:**

1. That Judge Taylor be dismissed with prejudice as a defendant in this action.

2. That the plaintiff within 20 days of the date of this order shall provide this court with the civil action number of every civil action or appeal which the plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted. Plaintiff shall also provide the name of the court and name(s) of defendant(s) in each civil action identified.

3. That the clerk of this court is hereby directed to issue summons to defendants,

> **ROGER A. GRAVES**
> **Pike County Circuit Court Clerk**
> **200 East Bay Street**
> **Magnolia, Mississippi 39652**
>
> **GINA MITCHELL**
> **Pike County Deputy Circuit Clerk**
> **200 East Bay Street**
> **Magnolia, Mississippi 39652**

<u>requiring a response to the complaints</u>. The clerk is directed to attach a copy of this order to each complaint that will be served on the named defendants. The United States Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).

4. That each defendant shall file his or her answer or other responsive pleading in this cause in accordance with the FEDERAL RULES OF CIVIL PROCEDURE and the local rules of this court.

5. That subpoenas shall not be issued except by order of the court. The clerk of this court shall not issue subpoenas upon request of the <u>pro se</u> litigant, but shall instead forward

the request to the Magistrate Judge assigned to this cause for review.  The plaintiff shall submit all request for the issuance of subpoenas to the Magistrate Judge's office for review.

**The plaintiff should understand that this order allowing process to issue against the above named defendant does not reflect any opinion of this court that the claims contained in the complaint will or will not be determined to be meritorious.**

**It is the plaintiff's responsibility to prosecute this case.  Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.**

SO ORDERED, this the  11th    day of June, 2009.

                                        /s/Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE